UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23940-RAR

**MONIQUE DAGNESSES**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss ("Motion"), [ECF No. 13], filed on December 1, 2025. Plaintiff filed a Response, [ECF No. 14], on December 15, 2025, and Defendant filed a Reply, [ECF No. 15], on December 17, 2025. The Court having carefully considered the relevant submissions and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

Plaintiff Monique Dagnesses brings this action against Defendant United States of America, seeking damages under the Federal Tort Claims Act ("FTCA"), after sustaining injuries on a United States Air Force base. On April 2, 2023, Plaintiff attended the Wings Over Homestead Air Show, which included a walkthrough of a C-5 Galaxy Aircraft. Compl., [ECF No. 1] ¶¶ 7–8. The C-5 Galaxy Aircraft was equipped with entrance and exit ramps to allow attendees to tour the aircraft. *Id.* ¶ 9. Plaintiff alleges that the grooves in the exit ramp were "not clearly marked, cordoned off, or accompanied by any signage warning of tripping or entrapment hazards." *Id.* ¶ 10. While walking on the exit ramp, Plaintiff's right foot became stuck in a groove, resulting in a fall. *Id.* ¶ 11. Plaintiff collapsed on the ramp and was assisted by Miami-Dade Fire Rescue,

Miami-Dade Police, and the United States Airforce. *Id.* ¶ 12. Plaintiff's ankle was stabilized with a splint, before she was transported to Baptist Homestead Hospital. *Id.*

While at Baptist Homestead Hospital, Plaintiff received various exams and scans which revealed "complex and severe fractures to Plaintiff's right ankle." *Id.* ¶ 13. As a result, Plaintiff had emergency surgery that required inserting "two long screws" into Plaintiff's tibia, putting "a metal plate and eight screws" into Plaintiff's fibula, and placing "two metal bands" to "substitute [Plaintiff's] ruptured tendons." *Id.* ¶ 14. Following the surgery, Plaintiff received post-surgical care from Southernmost Foot and Ankle, as well as follow up neurological support for her "endured and ongoing chronic pain, limited mobility, dependence on medications and significant impairment in daily function." *Id.* ¶ 15.

On September 2, 2025, Plaintiff initiated this lawsuit, bringing claims against the United States for negligence (Count I), premises liability (Count II), negligent failure to warn (Count III), and negligent mode of operation (Count IV). *Id.* ¶ 19–39. Plaintiff seeks $5,114,298.46 in damages. *Id.* ¶ 40. Defendant moves to dismiss the Complaint on the grounds that (1) Plaintiff failed to exhaust her administrative remedies before filing the Complaint, and (2) the Complaint is a shotgun pleading. *See generally* Mot. Plaintiff, however, contends that she "timely submitted an administrative claim, including a Standard Form 95, to the appropriate agency with a sum certain demand," Compl ¶ 6, and argues that the Complaint does not constitute a shotgun pleading, Response at 8–9.

## LEGAL STANDARD

Defendant's Motion does not invoke a specific Federal Rule of Civil Procedure. *See generally* Mot. But the United States Supreme Court has made clear that time bars under the FTCA "are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). Accordingly, the Eleventh Circuit has treated motions to dismiss based on the

time bars included in 28 U.S.C. § 2401(b) as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1).  *Harris v. United States*, 627 F. App'x 877, 879–80 (11th Cir. 2015); *see also United States ex rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811–12 (11th Cir. 2015) (reviewing motion to dismiss under Rule 12(b)(6) because defense was nonjurisdictional, even though district court had considered the motion to dismiss as raising a subject matter jurisdiction defense under Rule 12(b)(1)).  As such, the Court treats Defendant's Motion as a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, *Harrison v. United States*, No. 8:24-cv-01610, 2025 WL 418008, at *2 (M.D. Fla. Feb. 6, 2025) (deciding defendant's motion under Rule 12(b)(6) because the FTCA's limitations period under § 2401(b) is nonjurisdictional (citing *Wong*, 572 U.S. at 420; *Harris*, 627 F. App'x at 878–79)); *Green v. Kendall*, No. 1:23-cv-03024, 2024 WL 6874234, at *3–4 (N.D. Ga. July 2, 2024) (dismissing complaint under Rule 12(b)(6) due to plaintiff's failure to sufficiently allege that he presented his FTCA claim to the United States Air Force before commencing the lawsuit); *Chaverra v. United States*, No. 4:19-cv-81, 2020 WL 5579554, at *1 (M.D. Ga. Sept. 17, 2020) (same).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff receives the benefit of all favorable inferences that can be drawn from the facts alleged.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.  A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" and is "presumed to operate as a dismissal with prejudice unless the district court specifies

otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

## ANALYSIS

The doctrine of sovereign immunity "bars suit against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA "'is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994)). But a claimant seeking to sue the United States under the FTCA must abide by certain procedural requirements. Namely, the tort claim must be (1) presented to the appropriate Federal agency within *two years* after the claim accrues; and (2) an action must be filed within *six months* after the agency has mailed notice of final denial of the claim. *Harris*, 627 F. App'x at 878 (citing 28 U.S.C. § 2401(b)). A tort claim that fails to meet these timeliness requirements under the FTCA is "forever barred." 28 U.S.C. § 2401(b).

Plaintiff avers that she "timely submitted an administrative claim, including a Standard Form 95, to the appropriate agency with a sum certain demand." Compl. ¶ 6. However, the Complaint is devoid of any allegations supporting this conclusion. *See generally id.* Plaintiff further contends that "§ 2401(b) establishes two independent avenues for a claimant to satisfy the FTCA's timing requirements: namely a tort claim is timely if done within two years of accrual, or if the claimant files suit within six months after the agency's final denial." Response at 5. Therefore, Plaintiff argues that since she filed suit within six months of the agency's final denial, her claim was timely. Response at 6–7.

But Plaintiff's interpretation of § 2401(b) is squarely foreclosed by Eleventh Circuit precedent. *See Ramos v. U.S. Dep't of Health & Hum. Servs.*, 429 F. App'x 947, 950 (11th Cir. 2011) ("Under the FTCA, [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . . *Additionally*, to be timely, the lawsuit must be filed within six months of receipt of the agency's final decision." (emphasis added) (citations and internal quotation marks omitted)); *Harris*, 627 F. App'x at 878 (explaining that under the FTCA, a tort claim against the United States is forever barred unless it is presented within two years after the claim accrues *and* an action is filed within six months after notice of a final agency decision); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision." (emphasis in original)).

Defendant argues that Plaintiff has failed to comply with all conditions precedent pursuant to the FTCA before filing this case. Mot. at 2–5.[1] Specifically, Defendant contends that Plaintiff

---

[1] In support, Defendant attaches a declaration by Lisa A. List, Paralegal and Office Manager at the Headquarters Air Force Reserve Command ("Declaration"), [ECF No. 13-1]. In the Declaration, List attests that the Headquarters of the Air Force Reserve Command did not receive the Standard Form 95 from Plaintiff until April 24, 2025. *See id.* ¶ 5. "Although 'a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment,' one 'exception[] to this conversion rule' is 'the incorporation-by-reference doctrine.'" *Watson v. Kingdom of Saudi Arabia*, 159 F.4th 1234, 1266 n.4 (11th Cir. 2025) (quoting *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024)). The incorporation-by-reference doctrine provides that "a court may properly consider a document" when resolving a motion to dismiss "if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Id.* (quoting *Johnson*, 107 F.4th at 1300). "A document, by definition, is central to a complaint when it is 'a necessary part of [a plaintiff's] effort to make out a claim.'" *Kalpakchian v. Bank of Am. Corp.*, 832 F. App'x 579, 583 (11th Cir. 2020). However, "[a] document is not 'central' merely because it is directly responsive to a factual allegation." *Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, at *3 (11th Cir. Oct. 4, 2007). Upon careful review and consideration, the Court finds that even assuming it would be proper to consider the Declaration, the Court need not do so to address the Motion. Accordingly, the Court declines to consider the Declaration at this juncture.

failed to present an administrative claim to the United States Air Force, which is the appropriate federal agency in this matter, within two years after her claim accrued. *Id.* The Supreme Court has stated that, generally, a claim "accrues" for purposes of the FTCA, "at the time of the plaintiff's injury." *Rushing v. United States*, 288 F. App'x 616, 619 (11th Cir. 2008) (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). Thus, a claim "accrues" when the plaintiff is "armed with the facts about the harm done to [her], [and] can protect [herself] by seeking advice in the medical and legal community." *Id.* (citing *Kubrick*, 444 U.S. at 123).

Here, Plaintiff was injured on April 2, 2023, Compl. ¶ 7, so Plaintiff had to file an administrative claim by April 2, 2025. But Plaintiff did not present her tort claims to the United States Air Force until <u>April 24, 2025</u>—*twenty-two days after* the required date of April 2, 2025. Mot. at 4. Defendant's Motion attaches Plaintiff's Standard Form 95, which indicates that the Headquarters of the Air Force Reserve Command did not receive the Standard Form 95 from Plaintiff until April 24, 2025. Standard Form 95, [ECF No. 13-2]. Indeed, the Standard Form 95 was not even executed, much less received, until April 2, 2025. *See id.* Moreover, the Final Denial Letter from the Department of the Air Force, which Plaintiff offers for the Court's consideration, confirms that the Air Force Claims and Tort Litigation Division denied Plaintiff's claim due to untimeliness. *See* [ECF No. 14-1].[2]

---

[2] As opposed to the Declaration, the Court may consider the Final Denial Letter that Plaintiff attached to her Response, [ECF No. 14-1], as well as the Standard Form 95 attached to the Motion, [ECF No. 13-2], pursuant to the incorporation-by-reference doctrine. The authenticity of the Final Denial Letter and the Standard Form 95 are undisputed. Further, both are central to Plaintiff's claims, that is, whether Plaintiff timely presented her claim to the appropriate agency. Accordingly, the Court may consider the Final Denial Letter and the Standard Form 95 at this juncture. *See, e.g.*, *Cho v. United States*, No. 5:13-cv-153, 2013 WL 12177501, at *1 n.1 (M.D. Ga. Sept. 19, 2013) (finding consideration of an "attached Form 95" under the incorporation-by-reference doctrine is appropriate when plaintiff "does not state any reason why she believes the attached form is not a genuine copy of her administrative claim"); *Rose v. United States*, No. 6:24-cv-1590, 2025 WL 1795945, at *2 (M.D. Fla. June 30, 2025) (finding "[p]laintiff's . . . claim form is central to her claim because an FTCA action cannot be brought unless the claimant shall have first presented the claim to the appropriate [f]ederal agency." (citation and internal quotations omitted)); *Est. of Dash ex. rel. Dash v. United States*, No. 22-cv-80015, 2022 WL 22317681, at *1 n.2 (S.D. Fla. Oct. 11, 2022) (finding

The FTCA's time limitation under 28 U.S.C. § 2401(b) bars untimely suits, even if a plaintiff has fully exhausted administrative remedies by presenting their claims to the appropriate agency and receiving the agency's denial. *See McNeil v. United States*, 508 U.S. 106, 110–13 (1993); *see also Harris*, 627 F. App'x at 879–81 (affirming dismissal of plaintiff's FTCA lawsuit as untimely due to the two-year time bar, despite plaintiff's exhaustion of administrative remedies); *Hernandez v. United States*, 771 F. Supp. 3d 1306, 1323 (S.D. Fla. 2025) (explaining a claimant must abide by the FTCA's time limitations, which "impose[] a two-year limit for presenting claims, running from the date of accrual."). Here, the record makes clear that Plaintiff failed to timely present her administrative claim to the appropriate agency within two years of her injury as required by 28 U.S.C. § 2401(b). Accordingly, Plaintiff's claims are time-barred, and dismissal of this case is warranted.[3]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 13], is **GRANTED**.

2. The Complaint, [ECF No. 1], is **DISMISSED** *with prejudice*.

3. Any pending motions are **DENIED as MOOT**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of February, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

plaintiffs' administrative claim forms central to their FTCA claims and noting that the parties did not dispute their authenticity).

[3] The Court declines to reach Defendant's argument that the Complaint is a shotgun pleading, as the Court dismisses this action solely based on Plaintiff's failure to exhaust.